# FILED

**FEB 08 2023**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

Maurice Rodgers
NAME

BJ4613
IDENTIFICATION/BOOKING NO.

P.O. Box 290066
ADDRESS OR PLACE OF CONFINEMENT

Represa, Calif.   95671

Note:    It is your responsibility to notify the Clerk of Court in writing of any
change of address. If represented by an attorney, provide his or her
name, address, telephone and facsimile numbers, and e-mail address.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

MAURICE DIAUNDRA ROGERS
FULL NAME (Include name under which you were convicted)

Petitioner,

v.

JEFF LYNCH
NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER

Respondent.

CASE NUMBER:

CV   2:23 - CV 0238 - —— KJNHC
To be supplied by the Clerk of the United States District Court

☐ _____ **AMENDED**

### PETITION FOR WRIT OF HABEAS CORPUS
### BY A PERSON IN STATE CUSTODY
### 28 U.S.C. § 2254

PLACE/COUNTY OF CONVICTION _____
PREVIOUSLY FILED, RELATED CASES IN THIS DISTRICT COURT
(List by case number)
CV _____
CV _____

## INSTRUCTIONS - PLEASE READ CAREFULLY

1.  To use this form, you must be a person who either is currently serving a sentence under a judgment against you in a California state court, or will be serving a sentence in the future under a judgment against you in a California state court. You are asking for relief from the conviction and/or the sentence. This form is your petition for relief.

2.  In this petition, you may challenge the judgment entered by only one California state court. If you want to challenge judgments entered by more than one California state court, you must file a separate petition for each court.

3.  Make sure the form is typed or neatly handwritten. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  Answer all the questions. You do not need to cite case law, but you do need to state the federal legal theory and operative facts in support of each ground. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a legal brief or arguments, you may attach a separate memorandum.

5.  You must include in this petition all the grounds for relief from the conviction and/or sentence that you challenge. You must also state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

6.  You must pay a fee of $5.00. If the fee is paid, your petition will be filed. If you cannot afford the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out and sign the declaration of the last two pages of the form. Also, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account at the institution. If your prison account exceeds $25.00, you must pay the filing fee.

7.  When you have completed the form, send the original and two copies to the following address:

> Clerk of the United States District Court for the ~~Central~~ District of California
> United States Courthouse
> ATTN: Intake/Docket Section
> ~~255 East Temple Street, Suite TS-134~~
> ~~Los Angeles, California 90012~~

PLEASE COMPLETE THE FOLLOWING (*check appropriate number*):

This petition concerns:
1. ☒ a conviction and/or sentence.
2. ☐ prison discipline.
3. ☐ a parole problem.
4. ☐ other.

## PETITION

1. Venue
   a. Place of detention  California State Prison/Sacramento
   b. Place of conviction and sentence Nevada County, Nevada City; 50 years-to-life

2. Conviction on which the petition is based (*a separate petition must be filed for each conviction being attacked*).
   a. Nature of offenses involved (*include all counts*): First Degree Murder; personally used a firearm; personally discharged a firearm; and intentionally discharged a firearm causing /death in the commission of the offense
   b. Penal or other code section or sections: Penal Code section 187(a); Penal Code section 12022253.(b),(c) & (d)

   c. Case number: TF-16000201
   d. Date of conviction: FEBUARY 19, 2019
   e. Date of sentence: May 31, 2019
   f. Length of sentence on each count:  Count 1:50 years.enhancement allegations 50 years imposed and then stayed
   g. Plea (*check one*):
      ☒ Not guilty
      ☐ Guilty
      ☐ Nolo contendere
   h. Kind of trial (*check one*):
      ☒ Jury
      ☐ Judge only

3. Did you appeal to the California Court of Appeal from the judgment of conviction?  ☒ Yes  ☐ No
   If so, give the following information for your appeal (*and attach a copy of the Court of Appeal decision if available*):
   a. Case number:
   b. Grounds raised (*list each*):
      (1)  The evidence was sufficient to warrant an instruction that
      (2)  The judgment should be conditionally reversed and the case

(3) _____

(4) _____ / / / / _____

(5) _____

(6) _____ / / / / / / / _____

c. Date of decision: _____

d. Result _____

_____

4. If you did appeal, did you also file a Petition for Review with the California Supreme Court of the Court of Appeal decision?  ☒ Yes   ☐ No

If so, give the following information *(and attach copies of the Petition for Review and the Supreme Court ruling if available)*:

a. Case number: _____

b. Grounds raised *(list each)*:

(1) The evidence was sufficient to warrant an instruction that .

(2) The judgement should be conditionally reversed and the case

(3) _____ / / / / / / _____

(4) _____

(5) _____ / / / / / _____

(6) _____

c. Date of decision: _____

d. Result _____

_____

5. If you did not appeal:

a. State your reasons _____ / / / / / / / _____

_____ / / / / / / / / _____

_____ / / / / / / / _____

b. Did you seek permission to file a late appeal?   ☐ Yes  ₓ☒ No

6. Have you previously filed any habeas petitions in any state court with respect to this judgment of conviction?

☐ Yes   ☒ No

If so, give the following information for each such petition *(use additional pages, if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

a. (1) Name of court: _____ / / / / / / / / _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(5) Date of decision: _____ //////// _____

(6) Result _____

_____//////////_____

(7) Was an evidentiary hearing held?   ☐ Yes ☒ No

7.   Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   x☒x No

    If yes, answer the following:

    (1) Docket or case number (if you know): _____ /////////_____

    (2) Result: _____

    _____//////////_____

    (3) Date of result (if you know): _____

    (4) Citation to the case (if you know): _____ ////////_____

8.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than five grounds. Summarize briefly the facts supporting each ground. For example, if you are claiming ineffective assistance of counsel, you must state facts specifically setting forth what your attorney did or failed to do.

    **CAUTION:**   *Exhaustion Requirement:* In order to proceed in federal court, you must ordinarily first exhaust your state court remedies with respect to each ground on which you are requesting relief from the federal court. This means that, prior to seeking relief from the federal court, you first must present all of your grounds to the California Supreme Court.

    a.   Ground one: The evidence was sufficient to warrant an instruction that subjective provocation could raise a reasonable doubt as to the

      (1) Supporting FACTS: Reversal of Petitioner's conviction for first degree murder is warranted because there was substantial evidence supporting instruction subjective provocation, which would reduce first degree murder to second degree murder (CALCRIM No. 522 [ Provocation:Effect on Degree of Murder]. When defense counsel

      (2) Did you raise this claim on direct appeal to the California Court of Appeal?   x☒ Yes   ☐No

      (3) Did you raise this claim in a Petition for Review to the California Supreme Court? x☒ Yes   ☐No

      (4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☐Yes   x☒No

    b.   Ground two: The judgement should be conditionally reversed and the case remanded to permit the trial court to consider whether to grant

      (1) Supporting FACTS: _____

      _____ SEE PAGE 5-a _____

Continued from page 2;3(b),Grounds Raised;

(1),subjective provocation could raise a reasonable doubt as to the existence of premeditation and deliberation sufficient to reduce premeditated first degree murder to second degree murder [CALCRIM No. 522],and thus counsel rendered ineffective assistance by failin g to request such instruction,warranting reversal of the judgement of first degree murder.

(2),remanded to permit the trial court to consider whether to grant appellant mental health diversion.

-------------------------------------------------------------------

Continued from page;4(b),Ground Raised;

(1),subjective provocation could raise a reasonable doubt as to the existence of premeditation and deliberation sufficient to reduce premeditated first degree murder to second degree murder [Calcrim No. 522],and thus counsel rendered ineffective assistance by failin g to request such instruction,warranting reversal of the judgement of first degree murder.

(2),remanded to permit the trial court to consider whether to grant appellant mental health diversion.

-------------------------------------------------------------------

(4) Grounds raised *(list each)*:

（a）  /////////

（b）  _____

（c）  ////////

（d）  _____

（e）  ////////

（f）  _____

(5) Date of decision: _____

(6) Result _____

(7) Was an evidentiary hearing held?    ☐ Yes  ☒ No

b.  (1) Name of court: _____  //////

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

（a）  ///////

（b）  _____

（c）  ///////

（d）  _____

（e）  _____

（f）  _____

(5) Date of decision: _____

(6) Result _____  ////////

(7) Was an evidentiary hearing held?    ☐ Yes  ☒ No

c.  (1) Name of court: _____  ////////

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

（a）  ////////

（b）  _____

（c）  /////////

（d）  _____

（e）  _____

（f）  ////////

(5) Date of decision: ////////

(6) Result

////////

(7) Was an evidentiary hearing held?  ☐ Yes ☒ No

7. Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): /////////

(2) Result:

/////////

(3) Date of result (if you know):

(4) Citation to the case (if you know): ////////

8. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than five grounds. Summarize briefly the facts supporting each ground. For example, if you are claiming ineffective assistance of counsel, you must state facts specifically setting forth what your attorney did or failed to do.

**CAUTION:**    *Exhaustion Requirement*: In order to proceed in federal court, you must ordinarily first exhaust your state court remedies with respect to each ground on which you are requesting relief from the federal court. This means that, prior to seeking relief from the federal court, you first must present all of your grounds to the California Supreme Court.

a. Ground one: The evidence was sufficient to warrant an instruction that subjective provocation could raise a reasonable doubt as to the

(1) Supporting FACTS: Reversal of Petitioner's conviction for first degree murder is warranted because there was substantial evidence supporting instruction subjective provocation, which would reduce first degree murder to second degree murder (CALCRIM No. 522 ( Provocation:Effect on Degree of Murder). When defense counsel

(2) Did you raise this claim on direct appeal to the California Court of Appeal?  ☒ Yes  ☐ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?  ☒ Yes  ☐ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?  ☐ Yes  ☒ No

b. Ground two: The judgement should be conditionally reversed and the case remanded to permit the trial court to consider whether to grant

(1) Supporting FACTS: SEE PAGE 5-a

Continued from page 5;8(a),Ground One;

8(a),existance of premeditation and deliberation sufficient to reduce premeditated first degree murder to second degree murder [CALCRIM NO. 522],and thus counsel rendered ineffective assistance by failing to request such an instruction,warranting reversal of the judgement of first degree murder.

(1) Supporting Facts; Continued from page 5;

lost the argument on the lesser included offense of voluntary, manslaughter (which has both a subjective and objective componebt), trial counsel deficiently failed to cite to the court the substantial evidence supporting the subjective component and failed to request CALCRIM NO.522,which unlike voluntary manslaughter only has a subjective component. There was ample evidence of subjective procation,including the romantic but volatile relationship between Petitioner and Felicia Sprell-Jones,their recent eviction from their apartment,and recent accusations and admissions of infidelity in their relationship. A reasonable probability exists of a more favorable result based on evidence of subjective provocation (i.e. recent admission of infidelity by Jones in the romantic relationship she had had with Petition,and aggressive,erratic behavior by Jones) such that at least one juror may have entertained a reasonable doubt whether an intentional killing was committed with sufficient deliberation and premeditation to elevate it to first degree murder,thereby demonstraing prejudice

Also,Petitioner suffers from 'schizphrenia',a severe mental illness. (RT 1:121 [Confidental Marsden hearing]. Mental health diversion was not requested. At the time of trial,the pretrial diversion statue had been amended to preclude diversion for a defendant

5-a

1  charged with murder. The issue whether Petitioner in this position
2  was none the less entitled to diversion is pending review. The judge-
3  ment should be conditionally reversed and the case remanded to permi-
4  the trial court to consider whether to grant Petitioner mental health
5  diversion pursuant to Penal Code section 1001.36 (Post,§2.).

6  The recorde is replete with evidence that if Petitioner committed
7  the shooting,then his action were grounded in considerable subjective
8  provocation. Although Petitioner denied involvement in the shooting,
9  the videotaped interrogation reveals what the police interviewers
10 stated was an admission that Petitioner killed Jones in the heat of
11 passion. (CT Aug. 1:86 [You told us about how it was just a heat-of-
12 the moment thing]. The police interrogators characterization of
13 Petitioner's statements as an admission that he killed Jones in the
14 heat of passion was a fair characterization given his answer to their
15 questions. Petitioner stated Jones admited to having an affair the
16 previous night with a man who paid her approximately $300,he admitted
17 that jones had accused him of infidelity,he admitted that Jones was
18 very aggressive,and in connection with circumstances of the killing
19 he stated that he was 'sure it was a spur of the moment'. It wasn't
20 something that was contemplated or thought about or intentionally
21 done with hateful feelings. (CT, Aug. 1:46).

22 Defense counsel requested an instruction on voluntary manslaughter
23 based on heat of passion and provocation (CALCRIM NO. 570).citing,
24 circumstantial evidence of an altercation at the scene of the homi-
25 cide and Jones's history of aggressive behaviot. (RT 4:1019-1094).
26 The instruction would have required findings on both objective com-
27 ponents (reasonable person) and a subjective component (subjective

28

5-b

provocation).People v. Moye (2009) 47 Cal.4th 537,549-550). The

1   instruction was refused as the trial court found 'Insufficient evide

2   nce of provocation' (RT 4:1123).

3      Defense counsel should then have moved for instruction with

4   [CALCRIM NO. 522];stating;in pertinebt part:'Provocation may reduce

5   a murder from first degree to second degree...the weight and signi-

6   ficance of the provocation,if any,are for you to decide. If you con-

7   clude that the defendant committed murder but was provoked,consider

8   the provocation in deciding whether the crime was first or second

9   degree murder....',arguing that if there was insufficient evidence o

10  objective provocation,then the evidence of subjective provocation

11  warranted instruction that subjective provocation alone could raise

12  a reasonable doubt as to the existence of premeditation and delibera

13  tion sufficient to reduce premeditated first degree murder to second

14  degree murder. This would have been an easier argument than the one

15  counsel made on voluntary manslaughter because it only required

16  sufficient evidence of subjective provocation and the court was al-

17  ready going to instruct on second degree murder.

18     Having lost the argument for an instruction on the lesser in-

19  cluded offense of voluntary manslaughter,there could be no valid

20  strategic reason for counsel not to use a subset of that argument

21  (subjective provocation) for an instruction reducing first degree

22  murder to second degree murder [CALCRIM NO. 522]. The record shows

23  that counsel's strategy included seeking conviction for a lesser

24  offense than first degree murder based on provocation (including

25  subjective provocation).The record thus demonstrates deficient per-

26  formance in failing to request an instruction in the language of

27  [CALCRIM NO. 522](Post.§1.B(3)).

28

The record also supports a finding of a 'reasonable probability of a more favorable result. The jury only given two options if it were to return a guilty verdict;second degree murder and first degree murder. In view of the prosecution's case on the issue of identity (ante,§A statement of facts,the prosecution's case). The material issue for the jury to resolve was premeditation and deliberation. The record discloses substantial evidence of subjective provocation as shown by,among other things, 'Jones's admission to Petitioner hours before the killing that she had an affair the previous night with a man who paid her $300. This evidence,and other evidence presented through the videotaped interrogation,supports a killing grounded in subjective provocation. Even an express-malice,intentional killing is second degree murder. To elevate the killing to first degree murder there must exist substantial additional proof,i.e. proof that the killing was committed with premeditation and deliberation. If the jury instruction on subjective provocation reducing first degree murder to second degreemurder were given,only one juror had to entertain a reasonable doubt on the issue in order for the jury to be hung on the verdict of first degree murder. This record demonstrates a reasonable probability of such a result,especially since the jury requested to view the videotaped interrogation during the deliberation. (Post,§1.B(4)).

Trial defense counsel's circumstantial-evidence based argument omitted a request for CALCRIM NO. 522,and it entirely overlooked the direct evidence of subjective provocation presented in Petitioner's videotaped interrogation admitted into evidence during the prosecution's case. The police charaterized the videotaped interrogation as a confession to killing Jones in the heat -of-passion. (CT AUG. 1:46,86

[You told us about how it was just a heat-of-the-moment thing'.].

1   Under both the 6th Amendment to the federal constitution and

2   Cal.Const.art.I,§15,a criminal defendant has a right to the effective

3   assistance counsel. (Strickland v. Washington (1984) 466 U.S. 663,684

4   -685;People v. Pope (1979) 23 Cal.3d. 412,422). The ultimate purpose

5   of this right is to protect the defendant's fundamental right to a

6   fair trial in it's conduct and reliable in it's result. To comply

7   with constitutional standards counsel must perform as would a reason-

8   ably competent attorney 'acting as his diligent conscientious advocat

9   UNited Sates v. DeCoster (D.C. Cir.1973) 487 F.2d. 1197,1202;accord.

10  People v. Pope,supra,23 Cal.3d. at p.423).

11              Instruction in the language of CALCRIM NO.522
12              was supported by the evidence and consistent
13              with the defense case,thereby demonstrating
14              the deficient performance prong.

15  California Supreme Court has long held that the existence of

16  subjective provocation may 'raise a reasonable doubt that the defend-

17  ant formed the intent to kill upon,and carried it out after,deli-

18  beration and premeditation.' People v. Valentine (1946) 28 Cal. 2d.

19  121,132;People v. Rivera (2019) 7 Cal. 5th 306,at p.328;CALCRIM NO.

20  522).

21  The jury was instructed on murder,that murder requires malice,

22  and that if the jury decided Petitioner comitted murder,it was second

23  degree murder,that he carefully weighed the consideration for and

24  against his choice and,knowing the consequences,decided to kill;that

25  premeditation means a decision to kill befire commission of the act

26  that caused death;and a 'decision to kill made rashly,impulsively or

27  without careful consideration is not deliberate and premeditated. (CT

28  3:585;CALCRIM NO. 521). The trial court did not instruct on pro-

5-e

1   vocation and there was no mention of provocation and/or heat of passion

2   CALCRIM NO. 522.quoted above but restated here for ease of re-

3   ference,states,in pertinent part;

4   > Provocation may reduce a murder from first degree
    > to second degree...The weight and significanse of
    > the provocation.if any,are for you to decide.
5   > If you conclude that the defendant committed
    > murder but was provoked.consider the provocation
6   > in deciding whether the crime was first or second
    > degree murder...
7

8   Instruction in the language of CALCRIM NO. 522.is based on the

9   principle that 'provocation which is not 'adequate' to reduce the

10  class of the offense [from murder to manslaughter] may nevertheless

11  raise a reasonable doubt that the defendant formed the intent to kill

12  upon.and carried it out after deliberation and premeditation. People

13  v. Wickersham (1982) 32 Cal.3d. 307,329,overruled on another ground

14  in People v. Barton (1995) 12 Cal. 4th 186,200-2001). If the provocat

15  would not cause an average person to experience deadly passion but it

16  precludes the defendant from subjectively deliberating or premedi-

17  tating,the crime is second degree murder. People v. Hernandez (2010)

18  183 Cal. App. 4th 1327,1332:.

19  In Petitioner's case,defense counsel failed to request such an

20  instruction (and there was no discussion thereof) rendering ineffect-

21  ive assistance of counsel because there was direct evidence of sub-

22  jective provocation,which combined with the circumstantial evidence

23  cited by counsel,fully supported instruction in the language of

24  CALCRIM NO. 522 [Provocation;Effect on degree of murder]. The instruc

25  tion also was consistent with the defense's theory of the case as

26  shown by counsel's request for instruction on voluntary manslaughter

27  (also requiring subjective provocation) and his closing argument wher

28  he told the jury that the killing was committed rashly and impulsively

5-f

(RT 4:1169).

Defense counsel's representation fell below an objective standar
of reasonableness. The record discloses no reasonable tactical expla-
nation for counsel's failure to request that the jury be instructed i
the language of CALCRIM NO. 522. Such an instruction requires only a
finding of subjective provocation to negate premeditation and deli-
beration and reduce the offense to second degree murder. People v.
Rivera,supra, 7 Cal. 5th at p. 328). In contrast,the provocation
necessary to reduce any murder to voluntary manslaughter requires mor
'For that,an objective test...applies;'the provocation must be so
great that,in the words of CALCRIM NO. 570,it would have caused a per
of average disposition to act rashly and without due deliberation,tha
is,from passion rather than from judgement.' People v. Jones (2014)
223 Cal. App. 4th 995,100-1001) .

A defendant is entitled to have the jury given specific instruc-
tions pin pointing the theory of the defense. People v. Mayo (1961)
194 Cal. App. 2d. 527,536-537). Although defense counsel did not
concede the issue of identity,during closing argument,he presented th
alternate theory of second degree murder based on a killing committed
rashly and impulsively (RT 4:1169),Instruction in the language of
CALCRIM NO. 522,would have been proven beyond a reasonable doubt. IT
also would have added the additional element of subjective provocatio
into the analysis,which counsel sought to introduce to the jury in
connection with the voluntary manslaughter instruction. There thus
could be no tactical reason for failing to request instruction with
CALCRIN NO. 522.

The test for sufficiency of proof is a favorable one,requiring
instrution where there is any evidence deserving of consideration

1  irrespective of any credibility findings. People v. Breverman (1993

2  19 Cal. 4th 142,162-163;People v. Lewis (2001) 25 Cal. 4th 610,646)

3  A reasonable probability exists of a more
   favorable result based on evidence of sub-
4  jective provocation (i.e. recent admission
   of infidelity by Jones in the romantic re-
5  lationship she had with Petitioner and the
   aggressive,erratic behavior by Jones) such
6  that at least one juror may have entertained
   a reasonable doubt whether an intentional
7  was committed with sufficient deliberation
   and premeditation to elevate it to first
8  degree murder,thereby demonstrating the
   prejudice prong.

9

10  An error made by defense counsel will require reversal when

11  'there is a reasonable probability that,but for counsel's unpro-

12  fessional errors,the result of the proceeding would have been

13  different'. Strickland v. Washington ,supra,466 U.S. at p. 694',this

14  test is not outcome-determinative and does not require the defendanт

15  to show "that counsel's deficient conduct more likely than not

16  altered the outcome in the case". (id. at p. 694). Although the

17  Strickland standard was not intended to be a precise one,'In stati-

18  stical terms,we believe Strickland requires a significant but some-

19  thing-less-than-50 per cent likelihood of a more favorable verdict.

20  People v. Howard (1987) 190 Cal. App. 3d. 41,48;see also,Williams v

21  Taylor (2000) 529 U.S. 362 [Strickland standard is satisfied by a

22  showing of proof which is less than a preponderance of the evidence

23  There is a reasonable probability that the result would have b

24  been more favorable to Petitioner absent counsel's omission. First,

25  there was strong evidence of subjective provocation,which included

26  recent allegations of infidelity and agressive behavior by jones

27  (Ante,§1.8(3)).

28  Second, none of the instructions in this case (including the

instructions on premeditation and deliberations) made referrence to

1  the concept of provocation and/or heat of passion. (CT.3:560-606);

2  compare People v. Berry (1976) 18 Cal.3d. 509,518),'reversing firs

3  degree murder conviction for failure to instruct on voluntary man-

4  slaughter even through the instructions made "referrence to heat o

5  passion and provocation for the purpose of distinguishing between

6  murder of the first and second degrees".

7  **Third,** Substantially more evdience is necessary to elevate ev

8  an intentional killing from second to first degree premeditated

9  murder. People v. Jennings (2010) 50 Cal. 4th 616,645 [premeditati

10  requires consideration beforehand,deliberation means formed or

11  arrived at as a result of careful thought and weighing of consider

12  ation for and against a proposed course of action]. People v. Hal-

13  vorsen (2007) 42 Cal. 379,419). By cojoining the words willful,del

14  iberation and premeditated in section 189 in it's definition and

15  limitation of the character of killings which constitute first

16  degree murder,the legislature emphasized it's intention to require

17  as an element of this offense substantially more reflection than may

18  be involved in the mere information of specific intent to kill.

19  People v. Arias (2008) 45 Cal.4th 169,131;People v. Thomas (1945) 25

20  Cal.2d. 880-890). The legislature's classification of murder into

21  two degrees thus would be meaningless if 'deliberation' and 'pre-

22  meditation' were construed as requiring no more reflection than may

23  be involved in the mere formation of a specific intent to kill.

24  People v. Wolff (1964) 61 Cal.2d. 795,821).

25  **Fourth,**In view of the evidence in the issue of identity,the

26  real material issue for the jury's consideration was whether the

27  killing was deliberate and premeditated. During deliberatio ,the

28  jury requested to view Petitioner's videotaped interrogation. (CT 3

1   :548;Ct Aug.1:148;RT 5:1184-1185),where there is evidence of sub-

2   jective provocation and the jury asked,'can we please have a simpler

3   definition of premeditation?'..[in response to the request for

4   clarification and by agreement of the parties,the jury was referred

5   back to "Jury Instruction No. 521";(RT 5:1188:Ct Aug. 1:144:CT 3: 586

6   'These are matters demonstrating the closeness of the case on

7   the issue of premeditation and deliberation. People v. Beach (1991)

8   229 Cal. App.3d. 1282,1295),'requests for readback of testimony and

9   jury instructions are indications the deliberations were close'. It

10  also demonstrates a reasonable possibility that had counsel requested

11  CALCRIM NO.522 and been able to argue the evidence cited herein,at

12  least one juror would have entertained a reasonable doubt on the

13  first degree murder. People v. Soojian (2010) 190 Cal. App.4th 491,

14  520,'hung jury more favorable result' see also, Cone v. Bell (2009)

15  556 U.S. 449,452;'issue is whether there is a "reasonable probability

16  that the witheld evidence would have altered at least one juror's

17  assessment'.

18       Trial defense counsel argued against finding of premeditation

19  and dleiberation. Counsel highlighted the prosecution's burden of

20  proof on the issue,and argued that there hasn't been any evidence of

21  any sort of deliberation by the Petitioner. (RT 5:1166).

22       Counsel argued;

23            ....To be deliberate is basically the job that
24  you have to do after we are done talking. That is to consider your
    actions,consider your next step,consider the ramifications of your
25  actions and still take action or decide not to take that action.

26       There hasn't been any evidence of any sort of deliberation by
    the defendant. All we have heard is circumstantial evidence placing
    the gun at the same location with the defedant and with Felicia.
27  There hasn't been any text message,there hasn't been a witness....
    without any evidence of deliberation you can't have deliberation
28  beyond a reasonable doubt. Therefore,you cannot convict him of first
    degree murder. (RT 5:1166-1167).

1       Now in regard to the location,it's not as remote as you would
be led to believe. Clearly,it's close to the bridge,it's right off
2   the freeway,it's common it seems to be a common exit,,being close to
a freeway,is simply not the sort of place that someobe would go to
3   in order to execute someone and get rid of the remains.

4       Felicia was found in the middle of the road,the fact that she
was run over actually indicates that the person that did shoot her
5   was being hasty and was scared and was trying to get away and was not
expecting for this to happen. (RT 5:1157-1168).

6       Now,in the rules that the judge has read to you,you also see that
a decision to kill made rashly,impusively or without careful con-
7   sideration is not deliberate and premdiatated. Everything we have just
covered right now suggests that this was a rash incident,not planned
8   not premeditated and the actions of someone that was confused,scared
and simply didn't know what to do. (RT 5:1169).

9       The prosecution's evidence of deliberate and premeditated killing
did not remove the possibility that the jury would find the evidence
10  lacking,especially on proof beyond a reasonable doubt,and an instruc-
tion on subjective provocation could easily have tipped the scale of
11  proof beyond a reasonable doubt in Petitioner's favor. see,Yates v.
Eyatt (1991) 500 U.S. 391,403-404;'an instructional error may be found
12  to be harmless where it is shown beyond a reasonable doubt that the
error was 'unimportant in relation to everything else the jury con-
13  sidered on the issue in question,as revealed in the record.' When a
case is close,a small degree of error in the lower court should,on
14  appeal,be considered enough to have influenced the jury to wrongfully
convict the appellant. People v. Wagner (1975) 13 Cal.3d 612,621;
15  People v. Collins (1968) 68 Cal.2d. 319,332).

16      If the jury had been instructed that it could consider subjective

17  provocation in evaluating whether Petitioner acted with premeditation

18  and deliberation,the evidence could well have persuaded the jury to

19  find that shooting was grounded in Petitioner's subjective provocation

20  in learning Jones had been unfaithful in their relationship-resulting

21  in Petitioner having comitted not a first degree murder but a second

22  degree murder.

23      The high court has observed that the 'discharge of the jury's

24  responsibility for drawing appropriate conclusions from the testimony

25  depends on discharge of the judge's responsibility to give the jury

26  the required guidance by a lucid statement of the relevant legal

27  criteria'., 'Bollenbach v. United States (1946) 326 U.S. 607,612,

28  involving a court's erroneous charge to the jury in answer to a jury's

1   in answer to a jury's question.

2        Nor is the outcome to be left to the discerning eye of the

3   reviewing court. 'In view of the place of importance that trial jury

4   has in our Bill of Rights,it is not to be supposed that Congress

5   intended to substitute the belief of appellate judge's in the guilt

6   of an accused,however,justifiably engendered by the dead record,for

7   ascertainment of guilt by a jury under appropriate judicial guidance

8   however cumbersome that process may be.' (Id. at p. 615).

9
                     A jury...is not an unguided missile free according
10                   to it's own muse to do as it pleases. To accomplish
                     it's constitutionally mandated purpose,a jury must
11                   must be properly instructed as to the relevant law
                     and as to the relevant law and as to it's function
12                   in the fact-finding process,and it must assiduously
                     follow these instructions.
13
    (McDowell v. Calderon (9th Cir. 1997) 130 F.3d. 333,835)
14
15       There was substantial evidence from which the jury could have

16   inferred that Petitioner acted under subjective provocation sufficient

17   to negate premeditation and deliberation and thereby reduce first

18   degree murder to second degree murder. If the jury had been instructed

19   that it could consider Petitioner's subjective provocation in

20   evaluating whether Petitioner acted with premeditation and deliberation

21   then the evidence sould well have persuaded the jury that subjective

22   provocation resulted in Petitioner having committed not first degree

23   murder but second degree murder. The error cannot be declared harmless

24   beyond a reasonable doubt.

25       The Judgement of conviction of premeditated murder should be

26   reversed for prejudicial ineffective assistance of counsel.

27   2.        The judgement should be conditionally reversed
               and the case remanded to permit the trial court
28             to consider whether to grant Petitioner mental
               health diversion

Penal Code section 1001.36 went into effect on June 27,2018
(Stats. 2018,ca. 34,§24,eff. June 2018 (A.B.1810). The new provide
trial courts courts with the discretion to grant 'pretrial diverison
for the purpose of mental health treatment for up to two uears,if
it finds the defendant has a mental disorder that was a significant
factor in the commission of the charged offense'. see, People v.
McShane (20190 36 Cal. App. 5th 245,259,review granted Sept. 18,20
S257013). The statute requires the court to dismiss the criminal
charges if the defendant performs satisfactorily in diversion.
(Pen.Code §1001.36.subd. (e).effective January 1.2019.the legislaturE
amended the statute to preclude diversion for the defendants charg
with certain serious offenses including murder. (States. 2018.ca.ch.
1005.§1.eff. Jan.1.2018 (S.B.215).

Section 1001.36 applies retroactively to cases in which the
judgement is not yet final. People v. Frahs (2020) 9 Cal. 5th 618.
624).

Petitioner recognizes that in McShane the court addressed the
same contention raised here. People v. McShane.suprs 36 Cal. App.
5th at p. 245.review granted). McShane argued he was entitled to
the retroactive benefit of the 2018 diverison law.but that the
2019 amendment excluding those charged with murder did not not
apply to him. (id. at pp.260-261). The fact that the defendant was
briefly eligible for pretrial diverison under the statute.as
originally enacted.was irrelevant to the retroactivity analysis.
(Id. at p. 260).

Whether section 1001.36 is retroactive as originally enacted
but not amended.is under review by the Supreme Court. People v.
McShane.supra 36 Cal. App. 5th at pp. 260-261.review granted:

1  People v. Cawkell (2019) 34 Cal. App. 5th 1043,1053,review grante
2  Aug. 14,2019,S256113).

3      Applying section 1001.36 retroactively to Petitioner as ori-
4  ginally enacted is compelled by due process because under state law
5  it is then applicable to him. People v. Frahs,supra,9 Cal. 5th 618;
6  see. In re Estrada (1965) 65 Cal.2d. 740,745;People v. Superior
7  Court (Lara)(2013) 4 Cal. 5th 299,307,and disparate application of
8  state law denies federal due process. Hicks v. Oklahoma (1980) 447
9  U.S. 343,346,[aribitrary deprivation of a state-created liberty
10 interest violates due process;Hewitt v. Helms (1983) 459 U.S. 460,
11 466 [liberty interests protected by due process clause arise from
12 two sources,the due process clause itself and the laws of the states
13 U.S. Const. 5thand 14th Amends.).

14     Moreover,if section 1001.36 as currently written were applied
15 to Petitioner,then it would impermissibly increase his punishment by
16 eliminating the opportunity to diverison that existed when the statut
17 was first enacted and applicable to Petitioner ,thereby violating ex
18 post facto clauses of the federal and state constitutions.(U.S. COns
19 14th Amendment;Cal. Const. art.I.§§9,10).

20     In Frahs,our California Supreme Court held that 'a conditional
21 limited remand for the trial court to conduct a mental health diverisd
22 sion eligibility hearing is warranted when...the record affirmativel
23 discloses that the defendant appears to meet at least the first
24 threshold eligibility requirement for mental health diverision-the
25 defendant suffers from a qualifying mental disroder (§1001.23 Subd.
26 (b)(1)(A)0;(People v. Frahs,supra,9 Cal. 5th at p.640). In so holdid
27 the Frahs court acknowledged that 'When,as here,"a defendant was
28 tried and convicted before section 1001.36,became effective,the

record omappeal is unlikely to include information pertaining to
to several eligibilit¢ factors.such as whether the defendant consen
to diverision (§1001.36.subd. (B)(1)(D)..agrees to comply with
treament as a condition of diverision (id..subd. (b)(1)(E).or has
provided the opinion of a qualified mental health expert that the d
defendant's symptons would respond to mental health treatment. (id.
subd. (b)(1)(C). (Frahs at p.538).

Here,'the record affirmatively discloses' that Petitioner
'appears to meet at least the first threshold eligibility requireme
for mental health diversion' he suffers from a quakifying mental
order. see.People v. Frahs.supra 9 Cal. 5th at p. 640). Before tria
the court heard several Marden motions.during which it was disclose
that Petitioner suffered from "Schizphrenia. (RT 1:121) [confidenti
Marden hearing]). Schizophrenia is a qualifying mental disorder for
pretrial diversion pursuant to section 1001.36 subd. (b)(1)(A).

The judgement should be conditionally reversed and the case
remanded to permit the trial court to consider whether to grant
Petitioner mental health diversion.

## CONCLUSION

For the foregoing reasons ,the judgement of first degree murde
should be reversed for ineffective assistance of counsel for failur
to request such an instruction that subjective provocation could
raise a reasonable doubt as to the existance of premeditation and
deliberation sufficient to reduce premeditated first degree murder
to second murder. The judgement should be conditionally reversed a
the case remanded to permit the trial court to consider whether to
grant Petitioner mental health diversion.

1 | Dated;_____,

2

3

4                                  Respectfully Submitted,

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____ / / / / / / / / _____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?   ☒ Yes   ☐ No
(3) Did you raise this claim in a Petition for Review to the California Supreme Court?   x ☒ Yes   ☐ No
(4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☐ Yes   x☒No

c. Ground three: _____

_____ / / / / / / / _____

(1) Supporting FACTS: _____

_____ / / / / / / / _____

_____ / / / / / / / _____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?   ☐ Yes   x☒No
(3) Did you raise this claim in a Petition for Review to the California Supreme Court?   ☐ Yes   x☒No
(4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☐ Yes   x☒No

d. Ground four: _____

_____ / / / / / / / _____

(1) Supporting FACTS: _____

_____ / / / / / / / _____

_____ / / / / / / _____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?   ☐ Yes   x x☒ No
(3) Did you raise this claim in a Petition for Review to the California Supreme Court?   ☐ Yes x x x☒ No
(4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☐ Yes   x x☒ No

e. Ground five: _____

_____ / / / / / / / _____

(1) Supporting FACTS: _____

_____ / / / / / / _____

_____ / / / / / / / _____

(2) Did you raise this claim on direct appeal to the California Court of Appeal?   ☐ Yes   x x☒ No

(3) Did you raise this claim in a Petition for Review to the California Supreme Court?   ☐ Yes   x ☒ No

(4) Did you raise this claim in a habeas petition to the California Supreme Court?   ☐ Yes   x ☒ No

9.  If any of the grounds listed in paragraph 8 were not previously presented to the California Supreme Court, state briefly which grounds were not presented, and give your reasons: _____

_____///////////_____

_____

10. Have you previously filed any habeas petitions in any federal court with respect to this judgment of conviction?
    ☐ Yes   x ☒ No

    If so, give the following information for each such petition *(use additional pages, if necessary, and attach copies of the petitions and the rulings on the petitions if available)*:

    a.  (1) Name of court: _____ //////// _____

        (2) Case number: _____

        (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

        (4) Grounds raised *(list each)*:

        (a) _____ ///////// _____

        (b) _____

        (c) _____

        (d) _____ ////////// _____

        (e) _____

        (f) _____

        (5) Date of decision: _____

        (6) Result _____ /////////// _____

        (7) Was an evidentiary hearing held?   ☐ Yes ☒ No

    b.  (1) Name of court: _____ //////// _____

        (2) Case number: _____

        (3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

        (4) Grounds raised *(list each)*:

        (a) _____ ////////// _____

        (b) _____

        (c) _____

        (d) _____ ////////// _____

        (e) _____

        (f) _____

        (5) Date of decision: _____ ///////// _____

(6) Result _____ / / / / / / / / / _____

_____

(7) Was an evidentiary hearing held?        ☐ Yes  ☒ No

11. Do you have any petitions now pending (i.e., filed but not yet decided) in any state or federal court with respect to

this judgment of conviction?        ☐ Yes  ☒ No

If so, give the following information *(and attach a copy of the petition if available)*:

(1) Name of court: _____ / / / / / / / / / / _____

(2) Case number: _____

(3) Date filed *(or if mailed, the date the petition was turned over to the prison authorities for mailing)*: _____

(4) Grounds raised *(list each)*:

(a) _____ / / / / / / / / / / / _____

(b) _____

(c) _____

(d) _____ / / / / / / / / / / _____

(e) _____

(f) _____ / / / / / / / / / / _____

12. Are you presently represented by counsel?   x x ☒ Yes  ☐ No

If so, provide name, address and telephone number: _____

_____ / / / / / / / / / / _____

_____ / / / / / / / / / / / _____

WHEREFORE, petitioner prays that the Court grant petitioner all relief to which he may be entitled in this proceeding.

_____

*Signature of Attorney (if any)*

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on **1-24-23**            _____

*Date*                    *Signature of Petitioner*

Maurice Dimunter Rogers
_____
*Petitioner*

Jeff Lynch
_____
*Respondent(s)*

**ELECTION REGARDING
CONSENT TO PROCEED BEFORE
A UNITED STATES MAGISTRATE JUDGE**

- A magistrate judge is available under 28 U.S.C. § 636(c) to conduct all proceedings in this case, including dispositive matters and entry of final judgment. However, a magistrate judge may be assigned to rule on dispositive matters only if all parties voluntarily consent.

- Parties are free to withhold consent to magistrate judge jurisdiction without adverse substantive consequences.

- If both parties consent to have a magistrate judge decide the case, any appeal would be made directly to the Ninth Circuit Court of Appeals, as if a district judge had decided the matter.

- Unless both parties consent to have a magistrate judge decide the case, the assigned magistrate judge will continue to decide only non-dispositive matters, and will issue a Report and Recommendation to the district judge as to all dispositive matters.

*Please check the "yes" or "no" box regarding your decision to consent to a United States Magistrate Judge and sign below.*

☐ Yes, I voluntarily consent to have a United States Magistrate Judge conduct all further proceedings in this case, decide all dispositive and non-dispositive matters, and order the entry of final judgment.

☒ No, I do not consent to have a United States Magistrate Judge conduct all further proceedings in this case.

Executed on  1-24-23
           *Date*                                    *Signature of Petitioner/Counsel for Petitioner*

# PROOF OF SERVICE

### (C.C.P. §§1013(a); 2015.5; 28 U.S.C. §1746)

I, Maurice Rodgers _____, am over the age of eighteen (18) years, and I (am) (am not) a party to the within cause of action. My address is:

AJ4513

P.O. Box 290066

Represa, Calif.

95671

On, Jan. 24, '23 _____, I served the following documents:

MOTION AND DECLARATION FOR APPLICATION OF
COUNSEL

on the below named individual(s) by depositing true and correct copies thereof in the United State mail in Represa, California, with postage fully prepaid thereon, addressed as follows:

1. U.S. Dist. Court Eastern
District
501 I St.  Rm. 4-200
Sacramento, Calif.
95814

2. Office of Attorney General
1300 I St.
Sacramento, Calif.
94244

I have read the above statements and declare under the penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed this 24 day of 24, 2023 at California State Prison - Sacramento, Represa, California.

(Signature) M. Rogr