UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE DIAUNDRA ROGERS,<br><br>Petitioner,<br><br>v.<br><br>JEFF LYNCH,<br><br>Respondent. | No. 2:23-cv-0238 DJC KJN P<br><br><br>FINDINGS AND RECOMMENDATIONS |

I. Introduction

Petitioner is a state prisoner, proceeding without counsel. Respondent filed a motion to dismiss the petition for writ of habeas corpus because it contains an unexhausted claim. In response, petitioner filed motions for stay and abeyance, to dismiss the unexhausted claim, and to file an amended petition. As discussed below, it is recommended that petitioner's motion for stay be denied, respondent's motion to dismiss the unexhausted claim be granted, and petitioner be granted thirty days in which to file an amended petition raising only his exhausted claim.

II. Legal Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id. The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under

1

Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991). Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

III. Background

Petitioner was convicted in 2019 in the Nevada County Superior Court of first degree murder, and the special allegation that petitioner used a firearm in the commission of the murder was found true. (ECF No. 14-1.) Petitioner was sentenced to 25 years to life plus an additional 25 years. (ECF No. 14-1, 14-2.)

Petitioner filed an appeal. On November 18, 2021, the California Court of Appeal affirmed the judgment. (ECF No. 14-2.)

On December 21, 2021, petitioner filed a petition for review in the California Supreme Court. (ECF No. 14-3.) On January 26, 2022, the California Supreme Court denied the petition without comment. (ECF No. 14-4.)

On March 25, 2022, petitioner filed a petition for recall in the Nevada County Superior Court, which was denied on November 18, 2022. (ECF Nos. 14-5, 14-6.)

On November 7, 2022, petitioner filed a petition for writ of habeas corpus in the Nevada County Superior Court, which was denied on November 23, 2022. (ECF Nos. 14-7, 14-8.)

Petitioner filed the instant petition on February 8, 2023. (ECF No. 1.)

IV. Petitioner's Claims

In the instant petition, petitioner raises two claims: (1) ineffective assistance of counsel based on counsel's failure to request a jury instruction (CALCRIM 522) that subjective provocation could raise a reasonable doubt as to premeditation and deliberation to reduce premeditated first degree murder to second degree murder (ECF No. 1 at 7-19); and (2) the judgment should be conditionally reversed and the case remanded to permit the trial court to consider whether to grant petitioner mental health diversion (ECF No. 1 at 7, 19-22).

V. The Second Claim is Unexhausted

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived

2

explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] Thus, a waiver of exhaustion may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

As argued by respondent, the only filing petitioner made in the California Supreme Court was his petition for review, which did not include petitioner's second claim. Petitioner does not dispute that claim two is unexhausted, but rather seeks to stay this action.

VI. Should Petitioner be Granted a Stay and Abeyance?

In his motions, petitioner seeks a stay under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), and moves to dismiss his unexhausted claim and amend his petition to include only his exhausted claim (claim one). Respondent opposes the motion for stay on the grounds that a stay would be futile because petitioner's second claim is solely an issue of state law and thus fails to state a cognizable federal claim. The undersigned agrees with respondent.

A. Mixed Petitions

The inclusion of an unexhausted claim in an otherwise exhausted habeas petition renders it mixed and subjects the action to dismissal without prejudice. See Rose v. Lundy, 455 U.S. 509, 522 (1982) ("In sum, because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims.").

Under Kelly, petitioner is not required to demonstrate good cause for the stay. King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). "Pursuant to the Kelly procedure, (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." King, 564 F.3d at 1133, 1135 (9th Cir.

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

2009), citing Kelly, 315 F.3d at 1070-71. However, where petitioner seeks to exhaust a claim that is meritless on federal habeas review, it would be futile to grant a Kelly stay. Knowles v. Muniz, 228 F. Supp. 3d 1009, 1016 (C.D. Cal. 2017) (citation omitted). "Indeed, the purpose of the Kelly stay procedure is to allow for a stay '"when valid claims would otherwise be forfeited."'" Knowles, 228 F. Supp. 3d at 1016, citing Kelly, 315 F.3d at 1070.

B.  Discussion

Petitioner's claim that he should have been ordered to a mental health diversion program is based solely on an alleged violation of state law, for which federal habeas relief is unavailable. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (federal habeas relief unavailable for alleged state law violations); see also Wilson v. Corcoran, 562 U.S. 1, 5 (2010) (per curiam) ("it is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts").

Petitioner argues that his unexhausted claim "is potentially meritorious because it raises a claim based on the violation of his constitutional right of due process." (ECF No. 15 at 7.) However, a habeas petitioner may not "transform a state-law issue into a federal one" merely by asserting a violation of the federal constitution. Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997). Petitioner's conclusory reference to due process is insufficient to state a claim for federal habeas relief. See James v. Borg, 24 F.3d 20, 26 (9th Cir.), cert. denied, 513 U.S. 935 (1994) (conclusory allegations do not warrant habeas relief).

Because petitioner's second and unexhausted claim plainly does not entitle petitioner to federal habeas relief, petitioner's motion for stay and attendant motions should be denied, respondent's motion to dismiss should be granted, petitioner's unexhausted claim (claim two) should be dismissed, and petitioner should be granted leave to file an amended petition raising only his exhausted claim (claim one).

VII.  Recommendations

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motions (ECF Nos. 15, 16 & 17) be denied;

2. Respondent's motion to dismiss (ECF No. 13) be granted;

3. The petition (ECF No. 1) be dismissed; and

4. Within thirty days from the date of any district court order adopting these findings and recommendations, petitioner shall file an amended petition raising only his exhausted claim (claim one).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 28, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/roge0238.mtd.hc